## STATE OF OREGON,
*Respondent,*

*v.*

## FRANK ADRIAN MAPULA,
*Appellant.*

(283411-8408; CA A37563)

720 P2d 1336

Phillip M. Margolin, Portland, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

■ Defendant appeals his conviction for harassment by telephonic threat. ORS 166.065(1)(d).[1] Trial was to the court. He claims error in the denial of his motion for acquittal. The evidence is sufficient to support findings that he committed all the statutory elements of the offense. He argues that *State v. Moyle,* 299 Or 691, 705 P2d 740 (1985), requires the state to prove, in addition, that he took some step to carry out his threat. Defendant misunderstands *Moyle.* The Supreme Court held that, to justify a conviction under ORS 166.065(1)(d), the threat must be genuine and must pose an objective risk of a breach of the peace. 299 Or at 704-705. The determination of whether a threat is genuine and poses an objective risk must necessarily be made on the facts as of the time of the threat. A failure by the defendant to act on the threat may suggest that it was not genuine, but the failure does not compel that conclusion. There is evidence that defendant had previously damaged the victim's property, that defendant had a gun and that he said, "I've got a gun and I'm going to kill you." The trial court could infer from that evidence that the threat was genuine and that it imposed an objective risk of breach of the peace. That is sufficient to support the conviction.

Affirmed.

---

[1] ORS 166.065(1) provides, in part:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"* * * * *

"(d) Subjects another to alarm by conveying a telephonic or written threat to inflict serious physical injury on that person or to commit a felony involving the person or property of that person or any member of that person's family, which threat reasonably would be expected to cause alarm * * *."